THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal Action No. 4:23-cr-523 |
| | § | |
| XU ZEWEI | § | |

**DEFENDANT ZEWEI XU'S MEMORANDUM OF LAW
REGARDING PRETRIAL RELEASE**

Mr. Zewei Xu, through undersigned counsel, hereby opposes the government's motion for detention and in such opposition provides the following authorities for the Court's consideration.

The government has moved for Mr. Xu's detention on the basis of flight risk. The default position for a non-presumption case, such as this one, is pretrial release. *See, e.g., United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) ("The default position of the law, therefore, is that a defendant should be released pending trial."); *see also United States v. Hanson*, 613 F. Supp. 2d 85, 87 (D.D.C. 2009) ("Our system of criminal justice embraces a strong presumption against detention."); *United States v. Salerno*, 481 U.S. 739, 755 (1987) ("In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception."); *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985) (Kennedy, J.) ("Doubts regarding the propriety of release should be resolved in favor of the defendant.").

The default of release remains the same for foreign nationals who have been extradited to the United States to face charges in this country. *See, e.g., United States v. Tappin*, No. EP-07-cr-249-DB(1), 2012 WL 13157822 at *3, 6 (W.D. Tex. Apr. 23, 2012) (where Senior United States District Judge revoked Magistrate Judge's Order of Detention for extradited United Kingdom resident applying the Bail Reform Act's default position of release); *see also id.* at *5 ("[T]he

Court cannot find by a preponderance of the evidence that no condition or combination of conditions will reasonably assure Defendant's appearance at trial.").

Indeed, courts have repeatedly released extradited foreign nationals with no ties to this country on bond finding that conditions can be set to reasonably assure those defendants' appearance at trial. A representative list of such cases is included here below:

- *United States v. Tappin*, No. EP-07-cr-249-DB(1), 2012 WL 13157822 (W.D. Tex. Apr. 23, 2012) (where Senior District Judge revoked Magistrate Judge's detention order and released United Kingdom citizen with no U.S. ties on conditions of a $1 million bond secured by a $50,000 cash deposit, a requirement to reside with or near his attorney, 24-hour GPS surveillance with limited travel, a curfew, and a requirement to surrender his passport);

- *United States v. Karni*, 298 F. Supp. 2d 129 (D.D.C. 2004) (ordering pretrial release of Israeli national who resided in South Africa and had no ties to the United States on the conditions that he serve in home detention at the Hebrew Sheltering Home with an electronic monitor, waive any rights not to be extradited to the United States under Israeli and South African extradition treaties, post a $175,000 bond, and be released to a third-party custodian);

- *United States v. Hansen*, 108 F. App'x 331 (6th Cir. 2004) (affirming pretrial release of defendant to Denmark, his home country, noting that the bail statute does not "require that foreign defendants be detained simply because their return cannot be guaranteed through extradition");

- *United States v. Kafrani*, 1:21-cr-501-EGS-1 (D.D.C.) (ECF No. 1-1 at 6; ECF Nos. 30, 31) (releasing an Iranian citizen who resided in Canada and had no ties to the United States on conditions which included surrender of all travel documents, home detention, GPS monitoring, a $120,000 bond secured by $20,000 and a property, an in-person visit twice a day from his third-party custodian, and a call once a day with his third-party custodian).

## **CONCLUSION**

In light of the foregoing, Mr. Xu respectfully requests that this Court find that conditions can be set to reasonably assure his appearance in court and that this Court therefore deny the government's motion for detention.

*[Intentionally left blank]*

Respectfully submitted,

*/s/ Dan L. Cogdell*
Dan L. Cogdell
State Bar No. 04501555
dan@cogdell-law.com
Aisha Dennis
State Bar No. 24128655
aisha@cogdell-law.com
**COGDELL LAW FIRM**
712 Main St Ste 2400
Houston, TX 77002-3215
Telephone: 713.426.2244

**COUNSEL FOR MR. XU**

**CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2026, I electronically filed this document with the Clerk of Court for the Southern District of Texas, using the electronic case filing ("ECF") system of the Court, thereby serving it on counsel of record in this case.

*/s/ Aisha Dennis*
Aisha Dennis