**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF TEXAS**

**HOUSTON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **CRIMINAL NO.: 4:23-cr-523** |
| **XU ZEWEI** | |

**GOVERNMENT'S AGREED MOTION TO DESIGNATE THE CASE AS COMPLEX UNDER THE SPEEDY TRIAL ACT AND FOR CONTINUANCE**

The United States of America, by and through John G.E. Marck, Acting United States Attorney for the Southern District of Texas, Assistant United States Attorneys S. Mark McIntyre and Craig Feazel, and National Security Division, National Security Cyber Section Deputy Chief Matthew Anzaldi, respectfully files this agreed motion requesting that the Court to designate this case as complex, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), and continue the current motions and trial schedule, including the trial date.

**FACTUAL BACKGROUND**

The case arises from a investigation by the Federal Bureau of Investigation into a series of computer intrusions between February 2020 and June 2021. As alleged in the Indictment (Dkt. 1), the defendant, Xu Zewei, conspired with others, including officers of the Shanghai State Security Bureau ("SSSB"), a foreign intelligence arm of the Ministry of State Security ("MSS") of the People's Republic of China ("PRC"), to gain unauthorized access to, and obtain information from, U.S. university and business computers.

Beginning in early 2020, Xu and his coconspirators targeted U.S. universities to obtain information related to COVID-19 research. Beginning in late 2020, Xu and his coconspirators leveraged vulnerabilities in Microsoft Exchange Server to target    U.S. organizations with insight

into U.S. government policies and policymakers. The Indictment names four victims of the these computer intrusions: two universities in the Southern District of Texas, one university in North Carolina, and a law firm with offices in Washington, D.C., and elsewhere.

In furtherance of these campaigns, Xu used his position as a general manager of Shanghai Powerock Network Co. Ltd. ("Powerock") to work on taskings from the SSSB and supervise the hacking activity of other Powerock personnel in support of such taskings. Xu and his coconspirators employed sophisticated means to infiltrate their targets, including high-impact, unmitigated software vulnerabilities and exploiting the means of identification of university employees. In some cases, after the conspirators gained access to a victim's network, they moved throughout the network, searched for terms that may yield specific information of interest to the PRC (*e.g.*, "Chinese sources," "MSS," and "HongKong"), and exfiltrated information from the network.

**PROCEDURAL HISTORY**

On November 2, 2023, a grand jury in the Southern District of Texas returned the Indictment, which charged Xu and a coconspirator, Zhang Yu, with nine counts, including: conspiracy to cause damage to and obtain information from a protected computer, wire fraud, and aggravated identity theft, in violation of 18 U.S.C. § 371; conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349; wire fraud, in violation of 18 U.S.C. § 1343; obtaining information by unauthorized access to a protected computer, in violation of 18 U.S.C. § 1030(a)(2)(C), (c)(2)(B)(i)–(iii); intentional damage to a protected computer, in violation of 18 U.S.C. § 1030(a)(5)(A), (c)(4)(B); and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), (c)(4)–(5).

On November 2, 2023, this Court issued a warrant for Xu's arrest. On July 3, 2025, Xu was arrested in Italy at the request of the United States. On April 25, 2026, Xu was extradited to

2

the United States for prosecution on the indictment.

On April 27, 2026, Xu made his initial appearance and was arraigned on the Indictment in the Southern District of Texas. The same day, the Court set the following deadlines: Motion filing due by May 18, 2026; Responses due by May 28, 2026; Proposed Voir Dire due by June 26, 2026; Pretrial Conference set for July 2, 2026; and Jury Selection before the Honorable Alfred H. Bennett set for July 6, 2026. Dkt. 13.

On April 29, 2026, the government filed a Motion for a Pretrial Conference Under Section 2 of CIPA and Motion to Designate a Classified Information Security Officer Dkt. 18 (the "CIPA Motion"). In the CIPA Motion, the government informed the Court that issues relating to classified information may arise in this case and requested hearings under CIPA § 2 to address this possibility.

## APPLICABLE LAW

Under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, a defendant's trial must generally commence within seventy days of his first appearance before the court in which the charges are pending. 18 U.S.C. § 3161(c)(1). The Speedy Trial Act, however, excludes certain periods of time from this computation. As relevant here, the Court may toll the seventy-day period by granting a "continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A).

In determining whether to grant an "ends of justice" continuance, the Court must consider "whether the case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself" within the prescribed time limit. 18 U.S.C. § 3161(h)(7)(B)(ii). The Fifth Circuit has also recognized that the volume of discovery and investigative materials can make a case complex. *See, e.g., United States v. Edelkind*, 525 F.3d

3

388, 397 (5th Cir. 2008) (affirming district court's complex-case designation in criminal child support matter due to voluminous documents, sealed documents, and the logistical complications caused by Hurricane Katrina); *United States v. Bieganowski*, 313 F.3d 264, 282 & n.15 (5th Cir. 2002) (collecting cases and affirming continuance based on "ends of justice" based on the high volume of discovery); *accord United States v. Eversole*, 783 F. Supp. 2d 972, 975 n.5 (S.D. Tex. 2011) (recognizing "ends of justice" continuance may be based in part on the amount of discovery involved). Other circuits have held similarly. *See, e.g.*, *United States v. Chalkias*, 971 F.2d 1206, 1211–12 (6th Cir. 1992) (per curiam) (affirming denial of defendant's motion to dismiss indictment based on Speedy Trial Act violation, highlighting in part the complexity of cocaine-trafficking case and that "numerous defendants and counts were involved"); *United States v. Thomas*, 774 F.2d 807, 810 (7th Cir. 1985) (affirming ends-of-justice continuance based on the complexity of a fraud case with "six defendants and thousands of financial documents"); *United States v. Rice*, 746 F.3d 1074, 1076–80 (D.C. Cir. 2014) (affirming 270-day ends-of-justice continuance in prosecution of drug conspiracy charging 19 co-defendants and involving multiple states and countries and thousands of hours of recorded conversations in Spanish).

Additionally, "CIPA compliance [is] a valid reason for the length of [a] discovery period." *United States v. Muhtorov*, 20 F.4th 558, 645 (10th Cir. 2021) (internal quotations omitted); *cf. United States v. Jumaev*, 20 F.4th 518, 534 (10th Cir. 2021) (internal quotations omitted) (quoting *United States v. Muhtorov*, 20 F.4th 558, 644 (10th Cir. 2021)) (considering defendant's claim of a Sixth Amendment speedy-trial violation and recognizing "the district court's and the parties' obligations to comply with CIPA significantly complicated the discovery process in ways that were unavoidable."). "[M]ultiple courts having tolled Speedy Trial time on [the] basis" of CIPA proceedings. *United States v. Raymond*, 656 F. Supp. 3d 236, 240 (D.D.C. 2023) (collecting cases);

*see also United States v. Noriega*, 746 F. Supp. 1548, 1559 (S.D. Fla. 1990) (describing earlier complexity finding because "discovery would be both complicated and extensive, covering thousands of documents, many of which are sensitive or classified and therefore subject to elaborate security measures as well as the time-consuming procedures set forth in [CIPA]"); *United States v. Naseer*, 38 F. Supp. 3d 269, 275 (E.D.N.Y. 2014) (excluding time for CIPA compliance, including time for defense counsel to receive security clearances, for the government to provide discovery, and for the Court to rule on a protective order).

## **DISCUSSION**

This case is complex because of the nature of the prosecution, involving a fugitive co-defendant and uncharged co-conspirators who are alleged foreign intelligence officers or co-optees; the volume of discovery, which includes thousands of communications and highly technical computer forensics; and the potential applicability of CIPA to this case.

The nature of this prosecution is complex, involving nine counts related to sophisticated computer intrusions and allegations that the defendant conspired with foreign intelligence officers and directed others to support those officers' taskings. Additionally, the evidence collected in this case includes voluminous communications among the co-conspirators, most of which are in Mandarin.[1] During its investigation, the government searched dozens of computer servers and electronic accounts and served dozens of subpoenas. The government estimates that it has seized between at least two and three terabytes of data. Additionally, the Indictment alleges that Xu was involved in several sophisticated computer intrusions, and supporting evidence includes both computer logs and malicious computer code that exploited high-impact software vulnerabilities and maintained persistent access to victim networks—possibly requiring the examination and

---

[1] Defendant Xu speaks Mandarin and will need an interpreter for pretrial proceedings and trial.

testimony of expert witnesses..

Additionally, as described in the CIPA Motion, the United States anticipates that issues relating to classified information may arise in connection with this prosecution. To prepare a potential motion under CIPA § 4, the government would need sufficient time to identify, review, and address the universe of relevant information; prepare classified declarations; and prepare any relevant documents for the Court's review in a secure setting. As detailed in the CIPA Motion, the government is respectfully requesting an initial opportunity to provide additional information to the Court ex parte and in camera, in accordance with CIPA.

## CONCLUSION

In light of the nature of the case, volume and nature of discovery, and potential for CIPA proceedings, adequate preparation for trial would be unreasonable within the 70 days prescribed by the Speedy Trial Act, and the United States respectfully requests the Court designate this case as complex, tolling the time limits under the Speedy Trial Act, and continue all deadlines and issue a revised Docket Control Order reflecting a trial date the Court deems appropriate, considering the matters stated herein.

Respectfully submitted,

**JOHN G.E. MARCK**
ACTING UNITED STATES ATTORNEY

BY:   /s/ S. Mark McIntyre
S. MARK MCINTYRE
CRAIG FEAZEL
ASSISTANT U.S. ATTORNEYS


**JOHN A. EISENBERG**
ASSISTANT ATTORNEY GENERAL
NATIONAL SECURITY DIVISION

BY:   /s/ Matthew A. Anzaldi
MATTHEW A. ANZALDI

6

DEPUTY CHIEF, NATIONAL SECURITY
CYBER SECTION

7

**CERTIFICATE OF CONFERENCE**

I certify that on April 30, 2026, counsel for the government conferred with counsel for the defendant and was informed that the defendant agrees to the granting of this motion.

*/s/ S. Mark McIntyre*
S. Mark McIntyre
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I certify that on April 30, 2026, I electronically filed the foregoing motion with the clerk of the court using the ECF/CM system for filing and service on all counsel of record.

*/s/ S. Mark McIntyre*
S. Mark McIntyre
Assistant United States Attorney

8

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF TEXAS**

**HOUSTON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **CRIMINAL NO.: 4:23-cr-523** |
| **XU ZEWEI** | |

**ORDER**

On this day, the Court considered the United States' Motion to Certify the Case as Complex Under the Speedy Trial Act and for Continuance, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), which constitutes excludable time under the Speedy Trial Act.  After considering the government's Motion, the Motion is hereby GRANTED, and it is hereby:

ORDERED that the above styled and numbered cause is certified as a complex case pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), tolling time limits under the Speedy Trial Act; and it is further

ORDERED that all current deadlines are continued, and a revised Docket Control Order shall issue.

SO ORDERED on _____, in Houston, Texas.


_____
HONORABLE ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE