**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **No. 4:23-cr-523** |
| | § | |
| **XU ZEWEI** | § | |

**XU ZEWEI'S REPLY IN SUPPORT OF MOTION FOR RETURN OF PROPERTY PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 41(g) AND THE FOURTH AMENDMENT**

Defendant Xu Zewei files this reply in support of his motion for return of his cell phone (ECF No. 41). The government's opposition (ECF No. 43) confirms the facts that require relief. The United States states that it received Mr. Xu's iPhone in April 2026.[1] *See* ECF No. 43 at 1. The government acknowledges that Italian authorities initially seized the iPhone in Italy when they arrested Mr. Xu at the request of the United States. *See id.* Once coming into possession of Mr. Xu's cell phone, the government has apparently never applied for a warrant to seize and search it. The government states only that it "plans to seek a warrant," without saying when. *See id.*

The Fourth Amendment does not permit the government to hold a person's phone indefinitely while it decides whether and when to ask a judge for permission to search it. *See, e.g., United States v. Smith,* 967 F.3d 198 (2d Cir. 2020). Thus, pursuant to Federal Rule of Criminal Procedure 41(g) and the Fourth Amendment, Mr. Xu persists in his request that his cell phone be returned to his attorneys and further requests that this Court deny any belated application by the government for a search and seizure warrant of his phone.

[1] To the extent this fact becomes material, Mr. Xu requests an evidentiary hearing to establish it. Further, to the extent it is material and relevant, Mr. Xu requests an evidentiary hearing as to the warrantless activities federal law enforcement have engaged in with Mr. Xu's cell phone, including any efforts to attempt to break into it to date.

## ARGUMENT

In his initial motion, Mr. Xu sought the return of his iPhone under Rule 41(g) and the Fourth Amendment. *See* ECF No. 41. He explained that he was unaware of any lawful basis for law enforcement to retain his cell phone without a warrant, and he requested the opportunity to participate in any belated attempt on the part of the government to apply for a search and seizure warrant. *See id.* at 2. In its response, the government seemingly acknowledged that it first informed defense counsel on September 30, 2026, that it was in warrantless possession of Mr. Xu's cell phone, and that it sought to access the phone by asking defense counsel to waive the defendant's constitutional rights. *See* ECF No. 43 at 2. And by the government's own concession, on the day it filed its opposition, it had held the phone in its custody for at least 167 days without seeking judicial authorization. *See id.* at 1–2.

The government has failed to offer any explanation for its over five-month delay in pursuing a warrant. Because this delay is unreasonable, no search and seizure warrant should issue, and Mr. Xu's cell phone should be returned to his attorneys.

A seizure that is lawful at the outset can become unconstitutional through delay. *See e.g., United States v. Mitchell*, 565 F.3d 1347, 1350 (11th Cir. 2009). "[E]ven a seizure based on probable cause is unconstitutional if the police act with unreasonable delay in securing a warrant." *Id.* at 1350–51 (internal quotation marks omitted). After seizing property, "the Fourth Amendment requires that [law enforcement] act with diligence to apply for a search warrant." *United States v. Smith*, 967 F.3d 198, 205 (2d Cir. 2020) (finding a 31-day delay in seeking a warrant to search a digital device unreasonable). Courts weigh four factors in determining whether a delay in seeking a warrant is unreasonable: (1) the length of the delay, (2) the importance of the seized property to the defendant, (3) whether the defendant had a reduced property interest in the item, and (4) the

strength of the government's justification for the delay. *Id.* at 206. The length of the delay receives independent weight. *Id.* at 207.

*United States v. Chang*, No. 18-cr-681, 2024 WL 1308775 (E.D.N.Y. Mar. 27, 2024) is instructive on the question at hand: whether a more than five-month delay in seeking to obtain a cell phone search warrant is unreasonable. In that case, foreign authorities seized a defendant's cell phone during an extradition arrest, did not search it, and later transferred it to the FBI. *See id.* at *2. The court held that both the foreign seizure and the transfer were lawful. *Id.* at *4. But importantly, it concluded that "the ability to examine the phone's contents still required a timely warrant." *Id.* at *5. The over 167-day delay in this case is nearly four times the 42-day delay that the *Chang* court deemed "presumptively unreasonable[,]" weighing in the defendant's favor. *Id.* at *6. The court in *Chang* ultimately found no constitutional violation because the Government supported its 42-day delay with an agent's declaration specifying investigative activity and circumstances that explained the delay. *Id.* at *9–10. In the instant case, by contrast, the government offers no explanation justifying a delay nearly four times as long.

Significantly, in *Chang*, "[T]he clock for delay started to run . . . when the FBI obtained the phone from South African personnel. And it was at that point that the Government should have begun to act diligently in applying for a warrant to search the phone." *Id.* at *6. The same standard applies here. The government's duty of diligence began no later than April 25, 2026, when the United States claims it first came into possession of Mr. Xu's cell phone. And the government has not shown that its over 167-day delay is reasonable.

## CONCLUSION

The government has held Mr. Xu's cell phone for over five months without applying for a search and seizure warrant. Such a delay in seeking a warrant is unreasonable and makes any

belated attempt to search the phone unlawful. For these reasons, Mr. Xu seeks the return of his cell phone to his attorneys and seeks an order from this Court that no search and seizure warrant for Mr. Xu's cell phone should issue. To the extent the development of a factual record would be useful for the Court in deciding the merits of this motion, Mr. Xu requests an evidentiary hearing. And to the extent there arises a separate proceeding in which the government applies for a warrant to search Mr. Xu's cell phone, Mr. Xu persists in his request to participate in that proceeding.

Respectfully submitted,

**COGDELL LAW FIRM, PLLC**

*/s/ Dan Cogdell*
Dan Cogdell
Texas Bar No. 04501500
dan@cogdell-law.com
Aisha Dennis
Texas Bar No. 24128655
aisha@cogdell-law.com
712 Main St., Suite 2400
Houston, Texas 77002
Office: (713) 426-2244
Facsimile: (713) 426-2255
**COUNSEL FOR DEFENDANT XU ZEWEI**

**CERTIFICATE OF SERVICE**

I certify that on October 16, 2026, a copy of the foregoing motion was served by Notification of Electronic Filing on all counsel of record, namely Assistant United States Attorneys S. Mark McIntyre and Craig Feazel and National Security Division Attorney Matthew Anzaldi.

*/s/ Dan Cogdell*
Dan Cogdell