**THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **Criminal Action No. 4:23-cr-523** |
| | § | |
| **XU ZEWEI** | § | |

**DEFENDANT ZEWEI XU'S MOTION TO REVOKE ORDER OF**
**DETENTION PENDING TRIAL**

Mr. Zewei Xu, through undersigned counsel, moves under 18 U.S.C. § 3145(b) for revocation of the magistrate judge's Order of Detention Pending Trial (ECF No. 21) and for release on conditions. The magistrate judge held the detention hearing on the sole ground of a serious risk of flight under 18 U.S.C. § 3142(f)(2) and ordered Mr. Xu detained on April 30, 2026. ECF No. 21 at 4. Mr. Xu respectfully asks the Court to revoke the detention order for three reasons:

1. This is not a presumption case, and the law's default is release, even for extradited foreign nationals with no ties to this country. *See, e.g., United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010); *United States v. Tappin*, No. EP-07-cr-249-DB(1), 2012 WL 13157822, at *3, 6 (W.D. Tex. Apr. 23, 2012).

2. The "strong" evidence on which the magistrate judge relied does not establish who was behind the keyboard committing the alleged crimes. *See* ECF No. 21 at 4. And Mr. Xu's disclosed defense is that someone else must have used his accounts. *See* Sept. 30, 2026 Tr. at 13.

3. With trial now set for June 21, 2027, Mr. Xu faces more than a year of detention under the magistrate judge's order, driven largely by the government's request for six additional months simply to file its CIPA Section 4 motion. *See* Sept. 30, 2026

Tr. at 7, 26–27. This is particularly concerning when the Court takes into account that Mr. Xu will have been under indictment for over three and a half years (nearly 44 months) by the current trial setting. He also will have been in foreign and domestic custody on these charges for a combined total of nearly two years by the time of trial.

**BACKGROUND**

Mr. Xu was arrested in Milan, Italy on July 3, 2025, and has remained in custody ever since. *See* July 2, 2026 Tr. at 7; Sept. 30, 2026 Tr. at 11. Following his extradition, he made his initial appearance in this District on April 27, 2026. *See* Sept. 30, 2026 Tr. at 11. Mr. Xu is charged with conspiracy, wire fraud, unauthorized access to and intentional damage of protected computers, and aggravated identity theft. *See* ECF No. 1. None of these charges is a crime of violence or an offense that carries a statutory presumption of detention. *See* 18 U.S.C. § 3142(e)(2) and (e)(3). The government moved for detention on the basis of flight risk alone. *See* ECF No. 19 at 1. Mr. Xu opposed the motion, noting that courts routinely release extradited foreign nationals with no ties to this country on conditions that reasonably assure their appearance. *See* ECF No. 19 at 1–2.

The magistrate judge ordered Mr. Xu detained. *See* ECF No. 21 at 1. It found that Mr. Xu has no lawful status because he was temporarily paroled into the United States, that his ties and family are in China, and that Chinese intelligence has an interest in his return. *See id.* at 4. The magistrate judge also found the evidence strong based on "real time communications" between Mr. Xu and alleged co-defendants, cited testimony that Mr. Xu wanted to pay a "fine" to be released in Italy, and pointed to his international travel on an admitted income of about $7,300 per month. *See id.* at 4. Those findings rested on the testimony of a single government witness, an FBI agent from the Houston cyber squad who was not the case agent and who did not personally

investigate the case. *See* Detention Hearing. That agent's knowledge purportedly came from reviewing the indictment and search warrants and from conversations with the case agents. *Id.*

At the detention hearing, the defense introduced a certificate from Chinese authorities showing no criminal record, a letter from Mr. Xu's wife, photographs of Mr. Xu with his daughter, and a letter confirming his acceptance into a staffed residence in Houston.[1] Def.'s Exs. 1–4. The magistrate judge's order does not address any of that evidence. *See* ECF No. 21 at 4.

At the July 2, 2026 status conference before this Court, defense counsel stressed that Mr. Xu had been in custody since July 2025 and that his liberty interests were at stake, and asked that the CIPA proceedings be held as expediently as possible. *See* July 2, 2026 Tr. at 7. Then, at the following status conference on September 30, 2026, the government requested six months to file its motion under Section 4 of the Classified Information Procedures Act (CIPA). *See* Sept. 30, 2026 Tr. at 7. The Court granted the government five months, and directed it to file its CIPA motion by February 28. *See id.* at 25–27. Defense counsel asserted Mr. Xu's right to a speedy trial, opposing the government's requested continuance and any further continuances. *See id.* at 11–12, 14.

The Court also set a motions deadline of April 15, and set trial for June 21, 2027, with docket call on June 17. *See* Amended Scheduling Order, ECF No. 40; *see also* Sept. 30, 2026 Tr. at 26–27. The next status conference is set for November 13, 2026. *See* ECF No. 42.

## STANDARD OF REVIEW

When a defendant moves to revoke a magistrate judge's detention order, "the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions for release." *United States v. Rueben*, 974 F.2d 580, 585 (5th Cir. 1992) (citing *United*

[1] While residence at that facility is currently unavailable, Mr. Xu has provided a new letter confirming acceptance into Bodine Recovery Homes. *See* Def. Ex. 5. Bodine Recovery Homes offers similar programming. *See id.*

*States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985)). The Court therefore owes no deference to the magistrate judge's findings and may consider the full record, including the developments at the July 2 and September 30, 2026 status conferences.

To detain a defendant on flight risk, the government must prove by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the defendant's appearance. *See, e.g., United States v. Araneda*, 899 F.2d 368, 370 (5th Cir. 1990); *see also* 18 U.S.C. § 3142(f).

## ARGUMENT

### I. The Bail Reform Act requires release unless the government proves that no conditions can reasonably assure Mr. Xu's appearance.

The default position for a non-presumption case, such as this one, is pretrial release. "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). The Fifth Circuit agrees: "There can be no doubt that this Act clearly favors nondetention." *United States v. Byrd*, 969 F.2d 106, 109 (5th Cir. 1992). "Doubts regarding the propriety of release should be resolved in favor of the defendant." *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985) (Kennedy, J.). And the Act itself explicitly provides that nothing in it limits the presumption of innocence. 18 U.S.C. § 3142(j).

The default of release remains the same for foreign nationals who have been extradited to the United States to face charges in this country. In *United States v. Tappin*, a Senior District Judge in the Western District of Texas revoked a magistrate judge's detention order and released a United Kingdom citizen on a secured bond, GPS monitoring, a curfew, and required surrender of his passport. No. EP-07-cr-249-DB(1), 2012 WL 13157822, at *6 (W.D. Tex. Apr. 23, 2012). The defendant's offense in that case involved selling an unfriendly nation items used in a destructive

device, and he had no U.S. ties. *See id.* at *2, 5. Courts have reached the same result for an Israeli national living in South Africa, a Danish citizen released to his home country, and an Iranian citizen living in Canada with no ties to the United States. *See United States v. Karni*, 298 F. Supp. 2d 129, 132 (D.D.C. 2004) (where Chief Judge denied government's motion to revoke bond order); *United States v. Hansen*, 108 F. App'x 331, 331–32 (6th Cir. 2004)[2] (where appellate court upheld district court's order releasing defendant for return to Denmark); *United States v. Kafrani*, No. 1:21-cr-501-EGS-1, ECF Nos. 30, 31 (D.D.C. 2021) (where district court granted defendant's motion for bond). Each of those defendants, like Mr. Xu, was a foreign national without ties to this country. And each was released on conditions.

## II. The government cannot show that no conditions will reasonably assure Mr. Xu's appearance.

A defendant's alienage may be taken into account, but it is not dispositive. *United States v. Santos-Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015). A court "may not . . . substitute a categorical denial of bail for the individualized evaluation required by the Bail Reform Act." *Id.* at 1092; *see also* Order on Motion to Reopen Detention Hearing, *United States v. Khademi*, No. 4:24-cr-159, ECF No. 121 at 12 (S.D. Tex. May 29, 2026) (rejecting the government's effort to hang its "detention hat" on the defendant's dual citizenship and travel to Iran, and explaining that the Bail Reform Act does not serve to punish those who maintain foreign citizenship). Mr. Xu's parole status is a product of the government's choice to extradite him, not evidence that he will flee.

The magistrate judge's finding that Chinese intelligence has an interest in Mr. Xu's return fares no better. *See* ECF No. 21 at 4. That wholly unsupported assertion is insufficient to show that

---

[2] "The government argues that this case presents the 'apparently unique question of a release order which requires an alien defendant to reside and work in a distant country, Denmark, of which he is a citizen and from which he cannot be extradited.' The bail statute does not, however, require that foreign defendants be detained simply because their return cannot be guaranteed through extradition." *United States v. Hansen*, 108 F. App'x 331, 332 (6th Cir. 2004).

Mr. Xu would defy this Court's conditions. Significantly, Mr. Xu does not possess his passport. Pretrial Services Report at 3; *see also* Def.'s Ex. 2.

**B. The weight of the evidence is the least important factor, and significantly, the government's evidence does not resolve attribution.**

The weight of the evidence has been found to be the least important of the Section 3142(g) factors, and the statute neither requires nor permits a pretrial determination of guilt. *See, e.g., United States v. Stanford*, 630 F. Supp. 2d 751, 755 (S.D. Tex. 2009); *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).

The magistrate judge found the evidence strong because of "real time communications" between Mr. Xu and his alleged co-defendants. *See* ECF No. 21 at 4. Communications sent from an account tend to show that the account was used. They do not show who used it. The defense has disclosed its defense that Mr. Xu was not the person behind the keyboard and that someone else may have used his accounts. *See* Sept. 30, 2026 Tr. at 13. The detention hearing testimony did nothing to close that gap. The government's witness did not know whether the IP address at the center of the case resolved to a commercial or residential address, how many people had access to it, whether anyone examined the router, or whether investigators used geolocation. *See* Detention Hearing. Thus, the claimed strength of the government's case remains untested on the central question of attribution.

**C. Mr. Xu's travel history does not show a serious risk of flight.**

International travel on an admitted income of about $7,300 per month does not establish hidden resources. *See* ECF No. 21 at 4. And surrendering all travel documents under GPS monitoring eliminates the means of international travel. See *Tappin*, 2012 WL 13157822 at *6; *Kafrani*, No. 1:21-cr-501-EGS-1, ECF No. 30 at 5, ECF No. 31 at 2.

**D. Mr. Xu's history and characteristics favor release, and a structured residence is waiting for him.**

Mr. Xu has no criminal record in the United States or in China. *See* Detention Hearing; Pretrial Services Report at 4; Def.'s Ex. 1. He is married with a young daughter who will be turning two years old this month. Def.'s Exs. 2–3.

The magistrate judge found that Mr. Xu has "no stable residence" in the United States, ECF No. 21 at 4, without mentioning the letter confirming his acceptance into the By the Book Recovery program and residence. *See* Def.'s Ex. 4. Similar to By the Book Recovery, Mr. Xu has since been accepted into Bodine Recovery Homes. *See* Def.'s Ex. 5. The Bodine Recovery residence is a structured, high-accountability environment with on-site house management. *Id.* A placement at Bodine Recovery Homes would mirror the sheltering-home release in *Karni*. *See Karni*, 298 F. Supp. 2d at 133 ("Defendant shall serve in home detention in the Electronic Monitoring Program. During the period of home detention, he shall remain at Hebrew Sheltering Home in Silver Spring, Maryland, except for employment or other activities approved in advance by the Pretrial office.").

**III. The government's delay is unduly infringing upon Mr. Xu's liberty interests.**

The government is not ready for trial while the defense stands ready. The government has instead asked for six months simply to file its CIPA Section 4 motion—a request the Court reduced to five months. *See* Sept. 30, 2026 Tr. at 7, 25–27. Even under that shortened deadline, the government's filing will not come until February 28, roughly ten months after Mr. Xu first appeared in this District and over two years since it filed the Indictment. *See* Sept. 30, 2026 Tr. at 11, 27. It also opposes beginning the defense security clearance process now, even though that process reportedly can take about a year. *See* Sept. 30, 2026 Tr. at 14, 20. Another court in this District recently confronted a similar problem when reviewing a motion for bond. That court observed that a trial may come to a "standstill" while the government "drags its feet" clearing

defense counsel to review classified documents. *Khademi*, No. 4:24-cr-159, ECF No. 121 at 13. That court further concluded that the delay in that case impacted the defendant's speedy-trial right. *See id.* at 13–14. And the court concluded that allowing such circumstances to prolong the defendant's detention would violate due process. *See id.*

**IV. Stringent conditions will reasonably assure Mr. Xu's appearance.**

The bail statute does not require that foreign defendants be detained. *See, e.g., Hansen*, 108 F. App'x at 332. Mr. Xu proposes conditions like those imposed in *Tappin*, *Karni*, and *Kafrani*:

- surrender of all passports and travel documents, and no new travel documents from any source, including any PRC consulate or embassy;
- home detention with 24-hour GPS location monitoring, and travel restricted to the Houston Division;
- residence at an approved residence, with a third-party custodian approved by Pretrial Services; and
- a secured appearance bond in an amount the Court sets.

## CONCLUSION

Since the magistrate judge's April 30, 2026 order, Mr. Xu has been detained in this District for six months on an order that relied on his status as a foreign national and on evidence that does not establish who was behind the keyboard. The government's requested timetable will keep Mr. Xu detained under that order for more than a year before trial. Mr. Xu stands ready for trial, continues to assert his right to a speedy trial, and does not consent to any further delay. Mr. Xu respectfully requests that this Court revoke the Order of Detention Pending Trial and order his release on such conditions as the Court deems appropriate. Defense Exhibits 1 through 4 from the detention hearing are attached for the Court's review. To the extent the relief requested is not immediately apparent on this record, Mr. Xu requests a hearing on this motion.

Respectfully submitted,

/s/ Dan L. Cogdell

Dan L. Cogdell
State Bar No. 04501555
dan@cogdell-law.com
Aisha Dennis
State Bar No. 24128655
aisha@cogdell-law.com
**COGDELL LAW FIRM**
712 Main St Ste 2400
Houston, TX 77002-3215
Telephone: 713.426.2244

**COUNSEL FOR MR. XU**

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for defense has conferred multiple times with counsel for the government and determined that the government is opposed to a bond for Mr. Xu.

/s/ Aisha Dennis
Aisha Dennis

## CERTIFICATE OF SERVICE

I hereby certify that on the date of filing, I electronically filed this document with the Clerk of Court for the Southern District of Texas, using the electronic case filing ("ECF") system of the Court, thereby serving it on counsel of record in this case.

/s/ Aisha Dennis
Aisha Dennis