**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**XU ZEWEI** | **CRIMINAL NO.: 4:23-cr-523** |

# GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO QUASH THE SEARCH WARRANT FOR HIS CELL PHONE AND REQUEST FOR AN EVIDENTIARY HEARING

The United States of America, by and through Aaron Reitz, United States Attorney for the Southern District of Texas, Assistant United States Attorneys S. Mark McIntyre and Craig Feazel, and National Security Division, National Security Cyber Section Deputy Chief Matthew A. Anzaldi, respectfully files this response to defendant Xu Zewei's motion to quash the search warrant for his Apple iPhone and request for an evidentiary hearing. ECF No. 52. Italian authorities seized the iPhone from the Defendant at the time of his arrest and surrendered the iPhone to the United States in April 2026 when it extradited him to the United States. The United States has now obtained a warrant to search the iPhone. Because controlling authority establishes that search warrants are not subject to pre-execution challenges through motions to quash, because Rule 41 provides for suppression rather than pre-execution review, and because the warrant here has already been reviewed and authorized by a neutral judicial officer, the Court should deny the Defendant's motion.

## I. FACTUAL BACKGROUND

On July 3, 2025, Italian authorities arrested the Defendant at the request of the United States. Pursuant to Article XVIII of the extradition treaty between the United States and Italy,

Italian authorities seized the iPhone for surrender to the United States. On April 25, 2026, Italian authorities surrendered the Defendant for extradition, as well as the iPhone they had seized at the time of the arrest.

Italian authorities likely locked and powered off the iPhone at the time of the Defendant's arrest. It was locked and powered off at the time it was received by the United States, and it has remained locked and powered off. On September 30, 2026, the government asked counsel for the Defendant if the Defendant would provide the passcode to unlock the iPhone. Defense counsel did not agree to provide the passcode. The following day, the Defendant filed a motion for return of the iPhone. ECF No. 41. On October 9, 2026, the government filed a motion in opposition to the Defendant's motion for return of the iPhone. ECF No. 43. The government obtained a warrant to search the iPhone on November 10, 2026.

## II. SUMMARY OF ARGUMENT

Defendant moves to quash a search warrant that has been signed by a neutral judicial officer but has not yet been executed. The motion should be denied because the relief requested is not authorized by the Fourth Amendment, the Federal Rules of Criminal Procedure, or controlling precedent. Courts repeatedly have held that the target of a search warrant may not mount a pre-execution challenge to the warrant through a motion to quash. Rather, the Constitution provides protections through a neutral magistrate's determination of probable cause before issuance of the warrant and, after execution, through a motion to suppress or an appropriate civil remedy. United States v. Crumpton, 2023 WL 3611554 at *2 (M.D. Ga. May 23, 2023).

The courts consistently hold that a target may not challenge the validity of a search warrant before it has been executed. The Supreme Court has explained that the Fourth Amendment protects citizens through the ex ante review of a neutral magistrate and, after execution, through suppression remedies and civil actions. United States v. Grubbs, 547 U.S. 90, 99 (2006). As the

Court stated, the Constitution does not give a target a "license to engage the police in a debate over the basis for the warrant" before execution. Id. at 99. As a result, Fourth Amendment challenges arise only after execution of the warrant. Crumpton, 2023 WL 3611554 at *2.

Numerous courts have applied Grubbs to reject pre-execution motions to quash. In Crumpton, 2023 WL 3611554 at *1, the court held that a defendant's challenge to an unexecuted DNA warrant was "foreclosed by clear Supreme Court precedent" because challenges to search warrants must await execution and be raised through a motion to suppress. The court further noted that Rule 41 authorizes motions to suppress evidence, not motions to quash search warrants. Id. at *2.

Likewise, in In Re Search Warrant, 2024 WL 1174726 at *4 (S.D. Fla. March 18, 2024), the court denied an emergency motion to quash an unexecuted DNA warrant, holding that a post-search motion to suppress, as opposed to a pre-search motion to quash, is the proper procedural step to challenge a warrant. The court relied on Grubbs, Warshak v. United States, 532 F.3d, 521, 528 (6th Cir, 2008), and related authority recognizing that search warrants, unlike subpoenas, are properly challenged only after execution. Id.

More recently, in Google LLC v. United States, 2024 WL 7102673 at *3 (D.D.C. November 25, 2024), aff'd, 2025 WL 4958336 (D.D.C. Feb. 25, 2025), the court again held that Supreme Court precedent forecloses pre-execution Fourth Amendment challenges to search warrants and that there is "no third window" between issuance and execution for litigating the warrant's validity.

Because the warrant here has been reviewed and issued by a neutral judicial officer but has not yet been executed, Defendant's motion is procedurally improper. Any challenge to the

warrant's validity may be raised, if appropriate, in a post-execution motion to suppress. Accordingly, the motion to quash should be denied.

## III. ARGUMENT

### A. Rule 41 Does Not Authorize the Relief Defendant Seeks.

Defendant's motion is inconsistent with the Federal Rule of Criminal Procedure 41. As explained by the court in Crumpton, 2023 WL 3611554 at *2, Rule 41 governs search warrants and provides a mechanism for suppression of evidence. Unlike Federal Rule of Criminal Procedure 17, which expressly authorizes motions to quash subpoenas, Rule 41 contains no provision authorizing a motion to quash a search warrant before it has been executed. Id. at *2. The absence of such language reflects a fundamental distinction between subpoenas and search warrants.

This distinction has been repeatedly recognized by federal courts. Whereas a subpoena gives the recipient notice and an opportunity to object before compliance, a search warrant is obtained ex parte and executed without advance litigation. As noted in both Crumpton, 2023 WL 3611554 at *2 and In Re Search Warrant, 2024 WL 1174726 at*4, courts consistently recognize that subpoenas may be challenged before compliance, while search warrants are challenged only after execution. Accordingly, Defendant's attempt to invoke a motion-to-quash procedure that applies to subpoenas improperly conflates two distinct legal mechanisms. Because Rule 41 provides for suppression rather than pre-execution review, Defendant's motion should be denied.

### B. A Search Warrant Is Not Subject to a Pre-Execution Motion to Quash.

The Supreme Court squarely addressed this issue in United States v. Grubbs, 547 U.S. 90, 99 (2006), explaining that the Constitution protects citizens not by allowing them to challenge a warrant before it is executed, but by requiring the ex ante review of a neutral judicial officer and by providing ex post remedies if evidence is unlawfully obtained. As the Court explained,“[t]he

Constitution protects property owners not by giving them license to engage the police in a debate over the basis for the warrant, but by interposing, ex ante, the deliberate, impartial judgment of a judicial officer . . . and by providing, ex post, a right to suppress evidence improperly obtained and a cause of action for damages.”. Id. at 99.

Consistent with Grubbs, federal courts have repeatedly held that Fourth Amendment challenges to search warrants are limited to post-execution proceedings. In Crumpton, 2023 WL 3611554 at *2 the district court rejected a defendant's attempt to quash an unexecuted DNA warrant, holding that the motion was procedurally improper because the defendant must await execution of the warrant and then pursue a motion to suppress if appropriate. The court expressly held that the defendant's arguments were "foreclosed by clear Supreme Court precedent" and noted that numerous courts have concluded individuals lack standing to challenge a search warrant before it is executed.

Similarly, the court in In Re Search Warrant, 2024 WL 1174726 at *1, denied an emergency motion to quash an issued but unexecuted DNA warrant. The court concluded that "a post-search motion to suppress, as opposed to a pre-search motion to quash, is the proper procedural step to challenge a DNA search warrant." Id. The court relied on *Grubbs*, explaining that search warrants are challenged after execution and that allowing targets to litigate warrants before execution would undermine law-enforcement investigations and disrupt the warrant process. Id. at *4.

The same conclusion was reached in Google LLC, 2024 WL 7102673 at *3, where the court held that Supreme Court precedent (Grubbs) foreclosed Google's attempt to challenge a warrant before execution. The court explained that Fourth Amendment review occurs at two points only: first, when a neutral judicial officer determines probable cause before issuing the warrant;

and second, after execution through a suppression motion or civil action. Id. The court specifically found that there is "no third window" between issuance and execution during which a target may litigate the warrant's validity. Id.

**C. The Warrant Has Already Been Reviewed and Approved by a Neutral Judicial Officer.**

The Fourth Amendment's primary protection against unreasonable searches is the requirement that a neutral and detached judicial officer determine whether probable cause exists before a warrant issues. That protection has already been provided here. As the court explained in Google LLC, 2024 WL 7102673 at *3, the constitutional "check" against unreasonable searches occurs before issuance when a judicial officer reviews the application and determines that probable cause exists. Once that determination has been made and the warrant issued, the proper avenue for attacking the warrant is through a post-execution suppression motion, not a collateral pre-execution challenge. Id. Likewise, both Crumpton, 2023 WL 3611554 at *2 and In Re Search Warrant, 2024 WL 1174726 at *4 emphasize that the issuance of a warrant by a neutral magistrate satisfies the Fourth Amendment's ex ante protection and that any later challenge should proceed through traditional suppression remedies after execution.

Allowing warrant targets to litigate probable cause immediately after issuance but before execution would improperly create a new procedural mechanism not recognized by the Constitution, the Federal Rules, or controlling precedent. Such a rule would effectively permit routine interlocutory attacks on search warrants and would undermine the longstanding ex parte warrant process.

**D. Any Merits Challenge Is Premature.**

Even if the Court were to consider Defendant's substantive objections, those challenges remain premature because no search has yet occurred and no evidence has yet been seized pursuant

to the warrant. The courts in Google LLC, 2024 WL 7102673 at *3, Crumpton, 2023 WL 3611554 at *2, and In Re Search Warrant, 2024 WL 1174726 at*4 all recognized that Fourth Amendment claims are litigated after execution when a concrete factual record exists and the Court can evaluate any alleged constitutional violation in context.

If the warrant is executed and Defendant believes evidence was unlawfully obtained, Defendant may seek suppression under Rule 41 and the Fourth Amendment. But that possibility does not justify preemptively quashing a warrant that has already been approved by a neutral judicial officer based on a finding of probable cause.

**E. A Warrant Is Not Required for the iPhone.**

In United States v. Bondars, 2018 WL 9755072, at *2 (E.D. Va. Apr. 23, 2018), the court concluded that a search warrant is not required for evidence seized overseas by foreign authorities pursuant to a mutual legal assistance treaty. In Bondars, the defendant filed a motion to suppress, pertaining to evidence seized in Latvia and reviewed by FBI agents in the United States. The court found no Fourth Amendment violation to support suppression.

The evidence was seized by Latvian authorities pursuant to a Latvian search warrant and in response to the Government's request under a mutual legal assistance treaty. The court noted that the defendant had no Fourth Amendment rights at the time he was living in Latvia with no significant connection to the United States. See Verdugo-Urquidez, 494 U.S. at 265. The evidence was then transferred into the custody of the FBI and reviewed after the defendant was present in the United States. The court held this subsequent review of the evidence already seized did not require a search warrant. *See* In re Terrorist Bombings of U.S. Embassies in E. Africa, 552 F.3d 157, 167 (2d Cir. 2008) (holding that domestic searches of computers seized abroad must be

reasonable but do not require a warrant); United States v. Stokes, 726 F.3d 880, 890 (7th Cir. 2013).

**F. The Case Cited by Defendant Involves an Unsigned Warrant.**

The case cited by the Defendant, In Re Application for a Search Warrant, 2026 WL 3117756 (E.D.N.Y. October 9, 2026), involves a district court review of a search warrant application that was denied and not signed by the reviewing magistrate judge. The government appealed the denial to the district court, and the district court overruled the magistrate judge and authorized the search warrant. The facts of the present case are totally different. In the present case, the magistrate judge authorized and signed the search warrant, and the Defendant is seeking to have the already signed warrant quashed before it can be executed.

## IV. CONCLUSION

Because controlling authority establishes that search warrants are not subject to pre-execution challenges through motions to quash, because Rule 41 provides for suppression rather than pre-execution review, and because the warrant here has already been reviewed and authorized by a neutral judicial officer, Defendant's Motion to Quash should be denied in its entirety. Defendant remains free to raise any appropriate suppression arguments after execution of the warrant, but no basis exists to invalidate the warrant before it has been executed

**WHEREFORE**, the United States respectfully requests that the Court deny Defendant's Motion to Quash.

Respectfully submitted,

**AARON REITZ**
UNITED STATES ATTORNEY

BY: */s/* S. Mark McIntyre
S. MARK MCINTYRE
CRAIG FEAZEL
ASSISTANT U.S. ATTORNEYS

**M. SCOTT PROCTOR**
ACTING PRINCIPAL DEPUTY
ASSISTANT ATTORNEY GENERAL
NATIONAL SECURITY DIVISION

BY: /s/ Matthew A. Anzaldi
MATTHEW A. ANZALDI
DEPUTY CHIEF, NATIONAL SECURITY
CYBER SECTION

## CERTIFICATE OF SERVICE

I certify that on November 18, 2026, I electronically filed the foregoing motion with the clerk of the court using the ECF/CM system for filing and service on all counsel of record.

*/s/ S. Mark McIntyre*
S. Mark McIntyre
Assistant United States Attorney

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

**UNITED STATES OF AMERICA**

**v.**

**XU ZEWEI**

**CRIMINAL NO.: 4:23-cr-523**

**ORDER**

On this day, the Court considered the Defendant's Motion to Quash the Search Warrant for his Cell Phone and Request for an Evidentiary Hearing. ECF No. 52. After considering the defendant's Motion, the Government's response, and the arguments of counsel, the Motion is hereby DENIED.

SO ORDERED on ______________________, in Houston, Texas.

______________________________
HONORABLE ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE